UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-cr-30051-MGM |
| ) | |
| (1) GREGG A. BIGDA and ) | |
| (2) STEVEN M. VIGNEAULT, ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, the parties stipulate and it is hereby ORDERED as follows:

1. For purposes of this Order, the term "Discovery Materials" means all materials produced by the government in connection with this case to any defendant on or after the date of this agreement, including but not limited to records or communications subpoenaed by the government from non-parties to this litigation, business records, medical records, grand jury transcripts and exhibits, interview reports and recordings, police reports, electronic messages, text messages, and surveillance video. "Personally Identifiable Information" ("PII") shall include individuals' dates of birth, social security numbers, phone numbers, addresses, e-mail addresses, social media identifiers, and other identifying numbers and information.

2. All Discovery Materials provided by the United States in this case are subject to this Protective Order and may be used by any defendant and his counsel solely in connection with the defense of this case (including any subsequent related indictment or information, and including investigation, trial preparation, trial, and appeal) and not for any other purpose.

3. In order to safeguard the defendants' Sixth Amendment right to a fair trial uncontaminated by prejudicial pretrial publicity, no one who is provided access to any Discovery

1

Materials, including the defendants, the defense teams, any experts retained by the defense, and any potential witnesses, shall make or participate in the making of any extrajudicial disclosure of any Discovery Materials (or any information contained in Discovery Materials) that, at the time of disclosure, have not already been publically disclosed. "Extrajudicial disclosure" means the disclosure to third parties not participating in the defense of this case, including but not limited to the media. This provision does not prevent defense counsel from disclosing Discovery Materials or information contained in Discovery Materials in public court hearings or public court filings.

4. The defendants and their counsel shall not disclose any Discovery Materials to anyone except (1) members of the defense teams (attorneys, co-counsel, paralegals, legal interns, investigators, translators, litigation support personnel or litigation support vendors, the defendants, and secretarial staff) and (2) experts engaged (with or without remuneration) to assist in the preparation of the defense (collectively, "authorized persons"). The defense teams may show Discovery Materials to potential witnesses and/or their counsel but witnesses and/or counsel shall not be allowed to retain copies of these materials without first obtaining permission from the government or the Court. All Discovery Materials shall be maintained by authorized persons in a secure place and manner such that only authorized persons have access to them.

5. Prior to disclosing Discovery Materials to authorized persons, witnesses, or their counsel, defense counsel shall make the person to whom they wish to disclose the Discovery Materials aware of this Order and provide them a copy of it. In addition, prior to making any such disclosure, defense counsel shall ensure that the person to whom disclosure is to be made agrees to abide by the terms of this Protective Order and signs a copy of this Protective Order. Defense counsel shall maintain a list of persons to whom materials are disclosed and retain copies of the Protective Order signed by such persons.

6. No one who is provided access to any PII, including the defendants, the defense teams, any experts retained by the defense, and any potential witnesses, shall make or participate in the making of any disclosure of such PII, except for purposes related to the defense of this case. The defendants and their counsel must redact all PII in papers filed with the Court. The defendants and their counsel may not use or disseminate the PII of any individual for purposes unrelated to the defense of this case.

7. Certain Discovery Materials produced by the government before, on, or after the date of this agreement contain particularly sensitive information, including, without limitation, records related to juvenile victims and civilian witnesses, phone and text message communications of witnesses, personnel files, grand jury materials, medical records, and records related to the Massachusetts Civil Service Exam (collectively, "Sensitive Discovery Materials"). The government shall clearly identify Sensitive Discovery Materials.

8. Any papers filed with the Court by a defendant that: (1) quote directly from Sensitive Discovery Materials, (2) summarize Sensitive Discovery Materials, or (3) include copies of Sensitive Discovery Materials as attachments, shall be filed provisionally under seal, unless the government agrees to the public filing of such information, or identical quoted material has already been publicly disclosed in a charging document, or the Court rules that it may be filed on the public docket. Nothing in this agreement shall impair a defendant's right to use any Sensitive Discovery Materials at any pre-trial hearing or at trial.

9. The government shall use reasonable care when designating documents or information as Sensitive Discovery Materials. Nothing in this Protective Order shall prevent a defendant from contending that documents or information designated as Sensitive Discovery Materials have been improperly designated. A defendant may, at any time, request that the

government cancel or modify the Sensitive Discovery Materials designation with respect to any document or information contained therein.

10. A defendant shall not be obligated to challenge the propriety of a designation of Sensitive Discovery Materials at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. A challenge shall be written, shall be served on counsel for the government, and shall particularly identify the documents or information that a defendant contends should be differently designated.

11. Any modification of this Protective Order will be done only by order of the Court. Any party may apply to the Court for relief from or modification of any provision hereof.

SO STIPULATED:

ANDREW E. LELLING
UNITED STATES ATTORNEY

By: */s/ Deepika Bains Shukla*
Deepika Bains Shukla
Assistant U.S. Attorney

*/s/ Christopher Perras*
Christopher Perras
Trial Attorney, DOJ

*/s/ Matthew D. Thompson*
Matthew D. Thompson, Esq.
Counsel for Gregg A. Bigda

IT IS SO ORDERED:

KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

Date: 12/10/18

4