

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*

*United States Courthouse*
*300 State Street*
*Suite 230*
*Springfield, Massachusetts 01105*

January 4, 2019

FILED VIA ECF WITHOUT ENCLOSURES
SENT VIA OVERNIGHT MAIL

Matthew Thompson, Esq.
Butters Brazilian LLP
699 Boylston Street, 12th Floor
Boston, MA 02116

Shawn Allyn, Esq.
Allyn & Ball
480 Hampden Street
Holyoke, MA 01040

        Re:    United States v. Gregg A. Bigda and Steven M. Vigneault
                Crim. No. 18-CR-30051-MGM

Dear Counsel:

      Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery, labeled with Bates numbers US000001 through US002613 (previously produced) and US002614 through US007414 (enclosed), in the above-referenced case.

      The government makes this production to defendant Bigda pursuant to the parties' agreed upon protective order (Doc. No. 29). Certain of the documents are marked as Sensitive Discovery Material, subject to the protective order. The government will produce remaining discovery to defendant Vigneault when the Court resolves the government's outstanding motion for a protective order (Doc. No. 32).

      Pursuant to the parties' discussion on a December 6, 2018 discovery telephone call, the government will voluntarily make an additional production, the bulk of which is not required to be produced as automatic discovery at this stage, before the January 24, 2019 status conference. The government further encloses via e-mail only a word-searchable table of contents of all discovery produced to date.

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendants under Rule 16(a)(1)(A) & (a)(1)(B)</u>

   a.   <u>Written Statements</u>

The government has produced and further encloses the following relevant written statements made by the defendants Gregg Bigda and Steven Vigneault in the possession, custody or control of the government, the existence of which is known to the undersigned attorney for the government:

SPD Narrative of Steven Vigneault regarding stolen vehicle, dated February 27, 2016 (US002280)

SPD Narrative of Steven Vigneault regarding arrest of juveniles, dated February 27, 2016 (US002281)

SPD Injury Report of Steven Vigneault, dated February 27, 2016 (US002284)

Text message sent by Steven Vigneault to SPD officers, dated February 27, 2016 (US002369, 2376)

Email (1) sent by Gregg Bigda to Steven Kent, dated May 24, 2016 (US002377-2379)

Email (2) sent by Gregg Bigda to Steven Kent, dated May 24, 2016 (US002380-2383)

Special Report of Gregg Bigda to IIU Sgt. Andrew, dated May 24, 2016 (US002401-2402)

Memorandum of Steven Vigneault to Sergeant Andrews regarding Internal Investigation, dated June 14, 2016 (US002282-83)

Special Report of Gregg Bigda to IIU Sgt. Pelchar, dated January 18, 2017 (US002403)

Special Report of Gregg Bigda to Commissioner Barbieri regarding department cell phone, dated February 27, 2017 (US002368)

Text messages and voicemail sent by Gregg Bigda related to East Longmeadow Police Department Case No. 16-158-OF (US002302-2307)

Text messages sent by Steven Vigneault to G.G. (US002317-2318, 2320-2323, 7414)

Text messages sent by Steven Vigneault (US007215-7218)

Civil Service Exams of Gregg Bigda, produced as Sensitive Discovery Materials (US006321-6749)

      SPD Emails of Gregg Bigda (US006750)

    b.     Recorded Statements

The government has produced and further encloses copies of Palmer Police Department booking videos, containing recorded statements by defendant Gregg Bigda (US002124-25, 2274, 4872). Enclosed also are recordings of testimony of defendants Gregg Bigda and Steven Vigneault before the Massachusetts Labor Board (US007392, 7397-7398).

To the extent that there are recorded statements of defendants Gregg Bigda and/or Steven Vigneault in law enforcement radio traffic on February 26 and 27, 2016, enclosed are law enforcement radio recordings (US004216, 4360, 4871, 7409).

    c.     Grand Jury Testimony of the Defendants

The government has produced the grand jury testimony of the defendant Steven Vigneault on March 29, 2018 (US000673-736) and April 5, 2018 (US000818-891).

The defendant Gregg Bigda did not testify before a grand jury in relation to this case.

    d.     Oral Statements to Then Known Government Agents

The following documents are enclosed:

FBI Reports of interviews of and telephone calls with Steven Vigneault on March 1, 2017, March 27, 2017, October 24, 2017, March 14, 2018, May 18, 2018, May 29, 2018 (US006991-7002, 7211-7218, 7222, 7311-7316, 7373, 7374)

FBI Arrest Reports for defendants Gregg Bigda and Steven Vigneault on October 31, 2018 (US007380, 7384-85)

2.     Defendants' Prior Records under Rule 16 (a)(1)(D)

Enclosed are copies of the defendants' prior criminal records (US002800-2812).

3.     Documents and Tangible Objects under Rule 16(a)(1)(E)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendants' defenses or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendants, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

Enclosed are the following documents:

Report of polygraph examination of a witness (US007381-7383)

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

A consent search was conducted on the cell phone of a witness (see US007414, produced as Sensitive Discovery Material).

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendants as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which any defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendants Gregg Bigda and Steven Vigneault were the subjects of investigative identification procedures used with a witness the government anticipates calling in its case-in-chief involving a photo spread. A copy of the photo spread used in or memorializing the identification procedure is enclosed (US002064-2071, 2141-2178, 7247-7284).

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is aware of the following information that would, if true, tend directly to negate the defendant Steven Vigneault's guilt concerning a count in the indictment: transcript of interview of D.R., pages 18, 28, stating that the officer who kicked him was yelling at him in the cell (US002122, 2556, 2566). D.R. stated later in the same interview that the officers who drove him to Springfield [Vigneault and L.C.] were the same officers in the cell at Palmer PD (US002570). The government is unaware of any information that would tend directly to negate

the defendant Gregg Bigda's guilt concerning any count in the indictment.

      2.     The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

      3.     The following promises, rewards, or inducements have been given to witnesses whom the government may or may not call in its case-in-chief: Immunity Orders related to witnesses, enclosed at US004873-4890.

      4.     The government is aware that the following named case-in-chief witnesses have a criminal record: Please see the redacted criminal histories enclosed at US007386-7391.

      5.     The government is aware that the following named case-in-chief witnesses have a criminal cases pending: Please see the redacted criminal histories enclosed at US007386-7391.

      6.     The percipient witness T.M. made an identification of both defendants at the scene with the details listed in discovery already produced and enclosed (US002064-2071, 2141-2178, 7247-7284).

H.    <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at 413-785-0237 if you have any questions.

                              Very truly yours,

                              ANDREW E. LELLING
                              United States Attorney

By:    <u>/s/ Deepika Bains Shukla</u>
         Deepika Bains Shukla
         Assistant U.S. Attorney

enclosures

cc:    Melissa Calderon
        Clerk to the Honorable Katherine Robertson
        (w/o enclosures)