UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 18-30051-MGM |
| GREGG A BIGDA, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER REGARDING
MOTION TO DISMISS
(Dkt. No. 162)

August 4, 2020

MASTROIANNI, U.S.D.J.

Defendant is charged with violating the constitutional rights of three juveniles and filing a false report in connection with an incident which occurred on or about February 27, 2016. Defendant has now filed a motion to dismiss Counts III and IV in their entirety and to dismiss Counts I and III to the extent they allege use or threatened use of a dangerous weapon. Counts I, III, and IV each charge Defendant with one violation of 18 U.S.C. § 242, which makes it criminal for an individual acting under color of law to willfully deprive another person of their rights under the Constitution or laws of the United States. Defendant is charged with using unreasonable force against E.P. (Count I) and subjecting D.R. and J.T. to interrogations so abusive that they shock the conscience (Counts III and IV respectively). For the reasons set forth below, the court will deny Defendant's motion in its entirety.

A.      Adequacy of the Indictment

The court turns first to Defendant's arguments that Counts I, III, and IV are invalid because they omit information required in an indictment. With respect to Counts I and III, Defendant

requests the court strike enhancements charging Defendant with using or threatening to use a dangerous weapon. Defendant also asks the court to strike Counts III and IV in their entirety because the indictment does not allege that either D.R. or J.T. made an incriminating statement in response to Defendant's interrogation and such a statement is an element of the offense that must be set out in the indictment. Defendant also asserts dismissal is appropriate because the interrogations involved no physical or psychological abuse.

As to Counts I and III, Defendant observes that the dangerous weapon enhancements expose him to increased punishments and are, therefore, elements of the crimes charged. He then asserts these counts fail to comply with requirements of the Fifth and Sixth Amendments to the U.S. Constitution because they do not identify the alleged dangerous weapons. Defendant has correctly stated the law generally: the Fifth Amendment does require a grand jury indictment for capital or otherwise infamous crimes and the Sixth Amendment does require that an indictment contain enough detail to inform defendants "of the nature and cause of the accusation[s]" against them. U.S. CONST. amend. VI. At the same time, "an indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges [the defendant] must meet." *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018). The language in both Counts I and III tracks the relevant statute, specifies the violated constitutional right, includes the initials of the juvenile whose rights were violated, and identifies the date of the alleged violations. When read in its entirety, the indictment also identifies the dangerous weapons involved – Defendant's shod foot in the case of Count I and his shod foot and a police canine in the case of Count III. *United States v. Ford*, 839 F.3d 94, 104 (1st Cir. 2016)("[R]eading the indictment as a whole, we conclude [Defendant] had adequate notice that he was alleged to be responsible, and thus subject to punishment, for manufacturing 100 or more marijuana plants."). Though Defendant's alleged conduct is not specified in Count I, details provided later in the indictment clarify that Defendant is

alleged to have kicked a juvenile. In Count III, the alleged threats identify the deadly weapons. Six alleged threats are quoted verbatim, including threats to set a dog on D.R. and to kick D.R. in the face. The court finds this level of detail gave Defendant adequate notice of the charges. *Stepanets*, 879 F.3d at 372.; *see also United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012).

Additionally, the court notes that Defendant has cited no cases holding a heightened standard requires dangerous weapons be identified in a particular manner. A requirement that an indictment provide more detail than necessary to give a defendant adequate notice of the charges is at odds with Rule 7(c)(1) of the Federal Rules of Criminal Procedure, which requires only a "plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). Had Defendant been confused about the dangerous weapons enhancement, or indeed any other aspect of the indictment, he had the option to seek more information by filing a motion for a bill of particulars. FED. R. CRIM. P. 7(f). Finally, any remaining doubt has been resolved by the government's statement, in its opposition, that Defendant's shod foot (Counts I and III) and a police canine (Count III) are the only dangerous weapons alleged; this identifies, confirms, and limits how the government will seek to prove Counts I and III.

The court is also not persuaded by Defendant's argument that Counts III and IV are deficient because neither alleges the existence of incriminating statements or that analysis under a civil standard is appropriate. (Def. Mem. Supp. Mot. to Dis., Dkt. No. 163, 7.) As discussed below, there is a dispute among the parties both as to whether incriminating statements are a necessary element of a Fourteenth Amendment violation and as to whether D.R. and J.T. made incriminating statements. The government asserts that incriminating statements were made; Defendant asserts none of the statements made were incriminating. (Gov't Mem. Opp. Mot. to Dis., Dkt. No. 183, 14; (Def. Mem. Supp. Mot. to Dis., Dkt. No. 163, 4.) However, the court does not need to resolve this legal question to find Counts III and IV are charged in a legally sufficient manner. Counts III and IV

follow the statutory language of 18 U.S.C. § 242, alleging Defendant was acting under color of law and willfully violated the two juveniles' rights "secured and protected by the Constitution." They also give Defendant notice as to the charges by identifying (1) each juvenile by initials, (2) the particular constitutional right violated, (3) the time and circumstances in which the violation occurred, and (4) specific threats allegedly made by Defendant. Since an indictment is legally sufficient if it "tracks a statute's terms" and "gives the defendant adequate notice of the charges [they] must meet," Counts III and IV are legally sufficient. *Stepanets*, 879 F.3d at 372.

B.    <u>Substantive Sufficiency of the Charges</u>

In addition to arguing that the indictment does not adequately charge Counts III and IV, Defendant has also argued those counts should be dismissed on substantive grounds. He asserts that, as a matter of law, the conduct alleged in Counts III and IV violates neither the Fifth Amendment's Self-Incrimination Clause nor the Fourteenth Amendment's Substantive Due Process Clause. As an initial matter, the court notes that while the indictment does not specify whether the government is alleging Defendant's conduct violated the Fifth Amendment or Fourteenth Amendment, the government clarified at oral argument that it is alleging only a violation of the Fourteenth Amendment. It is well established that the Fifth Amendment's Self-Incrimination Clause is only violated when an individual is "compelled to be a 'witness' against" themself in a criminal case. *Chavez v. Martinez*, 538 U.S. 760, 772-73 (2003). As stated, it is undisputed that no statements made by the juveniles were used against them in a criminal prosecution, so no Fifth Amendment violation could be proven.

The due process clause of the Fourteenth Amendment, on the other hand, provides relief in a wider range of cases. *Id.* at 773. Defendant argues that even under those broader parameters, Counts III and IV should be dismissed because "all of the relevant facts . . . are undisputed" and they fail to state an offense. (Def. Mem. Supp. Mot. to Dis., Dkt. No. 163, 6.) The "undisputed"

4

facts Defendant relies upon are: (1) neither D.R. nor J.T. made incriminating statements in connection to Defendant's interrogations, and (2) Defendants interrogations involved neither physical abuse nor psychological torture. As referenced above, Defendant asserts that, as a matter of law, the Due Process Clause of the Fourteenth Amendment is not violated unless an interrogation leads to an incriminating statement. He also appears to assert that, as a matter of law and whether there is or is not an incriminating statement, an interrogation cannot be so abusive that it shocks the conscience unless it involves physical abuse or psychological torture.[1] The government disagrees that the relevant facts are undisputed and also that Defendant has correctly interpreted the requirements for a Fourteenth Amendment due process violation. The court observes that the posture of this case appears unique – neither Defendant nor the government have cited a case in which a court addressed whether an interrogation could violate the Fourteenth Amendment though no incriminating statement resulted. Defendant suggests the absence of such cases supports his position, but the absence of such cases may, as easily, be understood to reflect the rarity of a coercive interrogation that does not result in an incriminating statement. As the mere nonexistence of similar cases gives the court no guidance, it is necessary to consider the underlying principles for analyzing whether an interrogation violated the Fourteenth Amendment.

    The court begins by observing that an allegation of a coerced confession in violation of the Fifth Amendment necessarily requires an incriminating statement. There simply cannot be a

---

[1] The court is not persuaded that physical abuse or psychological torture, while relevant, are easily described, identified, or even necessary elements for finding that an interrogation shocked the conscience. Defendant has also argued that it will be up to the court, not the jury, to decide whether Defendant's conduct "shocks the conscience." He supports this argument exclusively with citations to civil cases. In criminal cases, it is "the jury's constitutional responsibility . . . not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." *United States v. Gaudin*, 515 U.S. 506, 514 (1995). As this is a criminal prosecution, the role of the judge does not include applying law to facts found by the jury, instead it will be up to the jury "to deliver a general verdict pronouncing the defendant's guilt or innocence." *Id.* at 513. Though the court cannot rely on civil cases to make decisions that must be left to the jury in criminal cases, the court looks to civil cases, like *Chavez*, to understand the legal outlines of the constitutional rights at issue and the "shocks the conscience" standard due to the robustness of the discussions in civil cases and the dearth of criminal cases addressing these issues.

violation of the right not to be a witness against oneself without an incriminating statement. On the other hand, the Fourteenth Amendment protects against deprivations of life, liberty, and property that result from police conduct that shocks the conscience. *Chavez*, 538 U.S. at 774. As a result, an incriminating statement is only relevant for a Fourteenth Amendment violation to the extent it is necessary to find a deprivation of life, liberty, or property resulted from conscience-shocking behavior by police. Courts determining whether interrogation techniques are "conscience shocking" may consider incriminating statements, but they do so while engaging in a different analysis from the one courts use to determine whether a confession was involuntary. *Stoot v. City of Everett*, 582 F.3d 910, 928-29 (9th Cir. 2009). When analyzing a Fourteenth Amendment claim separately from a Fifth Amendment claim, courts focus on evidence relating to the interrogator – such as whether they intended to cause injury in a manner not justified by government interests. *Tinker v. Beasley*, 429 F.3d 1324, 1328 (11th Cir. 2005) (describing the "coerced-confession inquiry" as concerned with the suspect's state of mind, while the "shocks-the-conscience inquiry" is concerned with "the objective unreasonableness of the officers' conduct"); *see also Chavez*, 538 U.S. at 774-75 (focusing Fourteenth Amendment discussion on the interrogator's motive and conduct, rather than its impact on suspect). Defendant asserts that an interrogator's conduct cannot shock the conscience unless it overcame the suspect's free will, but the court is not persuaded by his citations. In the first of the cited cases, *Cunningham v. City of Wenatchee*, the Ninth Circuit engaged in a single analysis of alleged violations of both the Fifth and Fourteenth Amendments. 345 F.3d 802, 810 (9th Cir. 2003). As for the second case, *Sheets v. Butera*, the Eighth Circuit began its Fourteenth Amendment analysis by focusing on the nature of the tactics used and only considered the effect on the suspect's free will after first concluding that the contested conduct "fail[ed] to rise to the conscience-shocking level." 389 F.3d 772, 779 (8th Cir. 2004). While the impact of the interrogation on a suspect is relevant for the Fourteenth Amendment analysis, it is not because the interrogation needs to result in an

incriminating statement, but rather because the right protected is the freedom from conscience-shocking severe bodily harm or mental distress, not simply freedom from unlawful interrogation. *Wilkins v. May*, 872 F.2d 190, 195 (7th Cir. 1989). The court, therefore, concludes, that an incriminating statement is not necessary for a coercive interrogation to violate the Fourteenth Amendment. The validity of the alleged Fourteenth Amendment violation in this case will turn on the conscience shocking nature of the interrogation.

The government also argues that this court cannot even consider Plaintiff's motion to dismiss Counts III and IV on these grounds because the government disputes pertinent facts and, therefore, the authority of this court to reach the motion. As a procedural matter, this court "'may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts'" *United States v. Musso*, 914 F.3d 26, 29-30 (1st Cir. 2019) (favorably quoting *United States v. Weaver*, 659 F.3d 353, 355 n* (4th Cir. 2011) and joining consensus described in *Weaver*). The government has not acknowledged this court's ability to reach the motion under the circumstances of this case. Because the government has also challenged the accuracy of the facts as put forth by Defendant, this court cannot consider Defendant's motion to the extent he asserts the conduct charged within Counts III and IV did not violate the Due Process Clause of the Fourteenth Amendment. The level and ultimately the abusive, conscious-shocking nature of the alleged behavior is disputed by the parties; therefore, this is a jury issue.

For the foregoing reasons, the court DENIES Defendant Gregg A. Bigda's Motion to Dismiss (Dkt. No. 162).

It is so Ordered.

                                                /s/ Mark G. Mastroianni
                                                MARK G. MASTROIANNI
                                                United States District Judge