UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-cr-30051-MGM |
| | ) | |
| GREGG A. BIGDA, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION TO PRECLUDE THE DEFENDANT FROM ELICITING HEARSAY STATEMENTS OF A THIRD PARTY DECLARANT**

Having received notice that Springfield Police Officers Luke Cournoyer and Gail Gethins appear on the Defendant's witness list (Doc. No. 263), the United States of America, by and through undersigned counsel, respectfully moves to preclude the Defendant from eliciting the hearsay statements of third-party declarant Steven Vigneault through those defense witnesses. Mr. Cournoyer and Ms. Gethins have alleged that Mr. Vigneault told them, in separate conversations, that he had kicked one of the juvenile suspects in the face. Because those are out-of-court statements by a third-party declarant offered for their truth (i.e., that Mr. Vigneault had in fact kicked one of the juveniles in the face), they qualify as hearsay, and because they do not fall within an applicable hearsay exception, they are inadmissible. Accordingly, the United States moves to preclude the Defendant from eliciting those hearsay statements through anyone but Mr. Vigneault.

**I.      The Hearsay Statements**

Luke Cournoyer is a police officer with the Springfield Police Department ("SPD"). At the time of the charged incident, he worked in SPD's Narcotics Unit with Mr. Vigneault and the Defendant. On the night of the charged incident, Mr. Cournoyer arrived on scene after the three juvenile suspects had been taken into custody by the Defendant, Mr. Vigneault, Wilbraham Police Department Officer Christopher Rogers, and Massachusetts State Police Trooper Matthew Baird.

In connection with that arrest, Officer Rogers filed an "excessive use of force" report stating that one of the plainclothes SPD officers (he could not identify which one) had kicked one of the juvenile suspects in the face while that suspect was handcuffed and not resisting. In response to that allegation, every SPD officer on scene, including Mr. Cournoyer, was asked to write a report to SPD's Internal Investigations Unit ("IIU") stating whether they knew anything about the excessive force alleged to have occurred. Mr. Cournoyer filed a report stating, in pertinent part: "At no time did I hear of anyone being kicked nor did I witness someone being kicked." Two years later, after federal authorities had initiated a grand jury investigation into the incident, Mr. Cournoyer testified before a federal grand jury that he had lied in his IIU report and that he did have information about what happened. Specifically, Mr. Cournoyer testified that after the three juvenile suspects were in custody, as he and other SPD officers were searching in the woods for the fourth suspect, Mr. Vigneault told him, "Bro, I fuckin' kicked that kid in the face."[1]

Gail Gethins is a police officer with SPD. Before the charged incident, Ms. Gethins had been in a romantic relationship with the Defendant. At the time of the charged incident, Ms. Gethins was in a romantic relationship with Mr. Vigneault, who, at the time, was married to another woman. The relationship between Mr. Vigneault and Ms. Gethins ended after Mr. Vigneault informed Ms. Gethins that he was not going to seek a divorce from his wife. Around that time, Ms. Gethins accused Mr. Vigneault of a number of different crimes, sought a restraining order against him, and reported to federal authorities that Mr. Vigneault had called or texted her, in July or August of 2016, that he had kicked one of the juvenile suspects in the face. Federal agents asked permission from Ms. Gethins to review her cellphone in order to verify her account. When Ms. Gethins turned over her cellphone, federal agents discovered (1) that there was no text message from Mr.

---

[1] Grand jury transcript of Luke Cournoyer, p. 7, ¶5-6 (June 21, 2018).

Vigneault admitting that he had kicked a juvenile suspect, and (2) that Ms. Gethins had deleted information off of her phone after being specifically instructed not to do so. At that time, Ms. Gethins told federal authorities that Mr. Vigneault may have made the admission to her orally, rather than through a text message.

Steven Vigneault has denied kicking a juvenile suspect in the face and telling anyone that he kicked a juvenile suspect in the face.

## II. The Law

The Federal Rules of Evidence provide that hearsay—defined as "a statement[2] that: (1) the declarant[3] does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"—is "not admissible" unless it falls within one of the exceptions enumerated in Rules 803, 804, and 807. Fed. R. Evid. 801-07.

## III. Argument

The anticipated testimony that the Defendant seeks to elicit from Mr. Cournoyer and Ms. Gethins straightforwardly qualifies as hearsay. It is an oral assertion (that Mr. Vigneault kicked a juvenile suspect in the face), testified to in court by witnesses (Mr. Cournoyer and Ms. Gethins) other than the declarant (Mr. Vigneault), that will be offered to prove the truth of the matter asserted (that Mr. Vigneault, in fact, kicked one of the juvenile suspects in the face).

None of the hearsay exceptions enumerated in Rules 803 and 804 apply.

The statements do not qualify as "present sense impressions"—statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter"—because they were not made while or immediately after the declarant

---

[2] "'Statement' means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a) (definitions).
[3] "'Declarant' means the person who made the statement." Fed. R. Evid. 801(b) (definitions).

(Mr. Vigneault) perceived an event.  Mr. Cournoyer did not arrive on scene until after the three juveniles had been taken into custody;  Mr. Cournoyer alleges that Mr. Vigneault made the statement to him later that night, as officers were searching in the woods for a fourth suspect.  Ms. Gethins alleged that Mr. Vigneault made the statement to her approximately five to six months after the charged incident.

The statements do not qualify as "excited utterances"—statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition"—because of the time lapse between the startling event (the arrest) and the alleged statements, and because neither Mr. Cournoyer nor Ms. Gethins has stated that Mr. Vigneault appeared to be in a state of excitement when he made the alleged statements.[4]

The statements do not fall within the "statement against interest" exception because the Defendant cannot establish any of the three evidentiary prerequisites to their admission: (1) that the declarant is unavailable, (2) that the declarant had reason to believe that making the statement would "expose the declarant to ... criminal liability," and (3) that the statement "is supported by corroborating circumstances that clearly indicate its trustworthiness," including that "there is no indication that the speaker had motive to lie." United States v. Taylor, 848 F.3d 476, 487 (1st Cir. 2017) (citing Fed. R. Evid. 804(3)).  First, Mr. Vigneault is not "unavailable"; he is on the Defendant's witness list, has previously testified under oath about the charged incident, and has given no indication that he would be unavailable to testify at trial.  Second, the statements at issue do not qualify as statements against interest because, assuming for the sake of argument that Mr.

---

[4] Grand jury transcript of Luke Cournoyer, p. 11, ¶11-18 (June 21, 2018) ("Q: And how -- how loud did he say it? Amped up? Did he yell it? Did he sort of whisper, or something in the middle? A: He just said it to me. Q: A regular tone of voice? A: Yes. Q: Regular volume of voice? A: Yes."); Grand jury transcript of Gail Gethins, p. 45, ¶5-7 (May 13, 2018) ("Q: What sort of tone were you getting from that conversation? A: I don't recall. It was so long ago.").

Vigneault confided to Mr. Cournoyer and Ms. Gethins that he had kicked one of the juvenile suspects, Mr. Vigneault would have had reason to believe that they would keep his secret and not report him.  Mr. Cournoyer was a fellow officer in SPD's tight-knit Narcotics Unit.  Ms. Gethins was Mr. Vigneault's girlfriend.  At the time that Mr. Vigneault was alleged to have made those statements, Mr. Cournoyer and Ms. Gethins were police officers, duty-bound to report excessive force if they knew about it, yet neither of them reported to SPD that Mr. Vigneault had said anything to them about kicking a juvenile.  In fact, Mr. Cournoyer filed an official police report stating that he did not know who, if anyone, used excessive force against the juveniles.  And Ms. Gethins, for as long as they were dating, did not report that Mr. Vigneault said anything to her about what happened that night.  Because it is not against our interest to confide in those we entrust to keep our secrets, these statements do not qualify as statements against interest. [5]  Third, the circumstances in which Mr. Cournoyer and Ms. Gethins reported the alleged statements undercut, rather than corroborate, their trustworthiness.  Both witnesses initially did not report the statements, and came forward only after it was in their interest to do so: Mr. Cournoyer, after a federal grand jury began investigating his colleague, the Defendant; and Ms. Gethins, only after her romantic relationship with Mr. Vigneault came to an acrimonious end.  And both witnesses engaged in conduct (Ms. Gethins, deleting information off of her phone after being instructed by federal agents not to do so; and Mr.

---

[5] See United States v. Awer, 770 F.3d 83, 94 (1st Cir. 2014) (ruling that declarant's "statements to her attorneys were not against her criminal interest," and thus did not fit within the statement-against-interest hearsay exception, "because, when made, they were confidential"); Morales v. Portuondo, 154 F. Supp. 2d 706, 726 (S.D.N.Y. 2001) ("Fornes's statements to Father Towle and Cohen do not qualify as declarations against penal interest, for he was not aware, when he made the statements to them, that the statements would be against his penal interest. To the contrary, he fully expected that both Father Towle and Cohen would keep his conversations with them confidential."); United States v. Garcia, No. 2:16-CR-326, 2018 WL 8898506, at *4 (D. Utah Apr. 24, 2018) (ruling that statement made to treating physician did not qualify as a "statement against interest" because "a reasonable person in [the declarant's] position would have presumed that what was said to his physician was confidential and would not expose him to liability.").

Cournoyer, writing in an official police report that he had no information about what happened) that call into question the veracity of their changed accounts. Under the circumstances, the Defendant cannot establish that the statement "is supported by corroborating circumstances that clearly indicate its trustworthiness." Id. at 486-87.

The Defendant should be permitted to argue to the jury that Mr. Vigneault, not the Defendant, was the officer who used excessive force against the juvenile suspects. The Defendant should also be permitted to offer admissible evidence in support of that argument, including eyewitness testimony or the testimony of Mr. Vigneault himself, who would then be subjected to the truth-seeking functions of cross-examination. But the Defendant should not be permitted to bypass the Federal Rules of Evidence, and circumvent cross-examination, by offering into evidence the hearsay statements of a third-party declarant that do not fall within any hearsay exception, especially since the declarant has denied making the statements and the circumstances in which the statements were reported call into question their trustworthiness.

### IV. Conclusion

For the foregoing reasons, the United States respectfully asks the Court for an order prohibiting the Defendant from eliciting, through a third-party witness, the hearsay statements of Steven Vigneault.

Respectfully submitted,

NATHANIEL R. MENDELL
ACTING UNITED STATES ATTORNEY

By:  /s/ Deepika Bains Shukla
DEEPIKA BAINS SHUKLA
Assistant United States Attorney
MA 706735
300 State Street, Suite 230
Springfield, MA 011053
413-785-0237
deepika.shukla@usdoj.gov

        KRISTEN CLARKE
        ASSISTANT ATTORNEY GENERAL

By: */s/ Christopher J. Perras*
   CHRISTOPHER J. PERRAS
   MA 682002
   Special Litigation Counsel
   U.S. Department of Justice
   150 M. Street, NE
   Washington, DC 20002
   202-307-6962
   christopher.perras@usdoj.gov


<u>Certificate of Service</u>

November 16, 2021

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        <u>*/s/ Deepika Bains Shukla*</u>
        Deepika Bains Shukla
        Assistant United States Attorney